■    INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent, v. MORRIS J. ROSNER et al., Copartners Doing Business under the Name of SALVAGE & SURPLUS CO., Defendants, and SAMUEL GINSBERG, Individually and as a Partner in Salvage & Surplus Co., Appellant.— Order entered on August 15, 1960, denying defendant-appellant's motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs, with leave to plaintiff to serve an amended complaint, if so advised, within 20 days after service of a copy of the order entered herein, with notice of entry.  Under subdivision 2 of section 167 and subdivision 1 of section 143 of the Insurance Law, no policy of personal injury liability insurance may legally be issued unless it contains a provision insuring the named insured against liability for death or injury sustained as a result of negligence in the operation or use of the vehicle by any person operating or using the same with the permission, express or implied, of the named insured.  The complaint alleges that at the time of the accident plaintiff had agreed to insure defendants against liability to any third person arising out of the operation of a certain motor vehicle by one Leo Bradford, but at the time of the accident in which such third person was injured the vehicle was being operated by defendant Samuel Ginsberg.  Plaintiff attempts to avoid the impact of the provisions of the Insurance Law by attempting to allege an agreement with defendants to reimburse plaintiff for any loss to third parties if the vehicle was not operated by Leo Bradford.  We do not reach the question as to the efficacy of such a contract since the allegations of the complaint do not sufficiently plead the agreement.  Moreover, the allegations of paragraph " Thirteenth " of the complaint do not even plead an agreement in general terms but merely allege that plaintiff notified defendants of a claimed breach and of a claimed liability to reimbursement.  These amount to nothing more than allegations of notification of a legal position taken by plaintiff.  Hence, if plaintiff relies upon a contract it can tender the issue of the validity of that contract only by pleading it properly and alleging a breach.  The complaint is deficient in that respect and should therefore have been dismissed.  Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.